U.S. DISTRICT COURT
NORTHERN D... OF TEXAS

MAY -5 2017

By_____
         Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTHONY WATKINS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-293-A |
| | § | (NO. 4:06-CR-010-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Anthony Watkins ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered the motion, the government's response, the reply, and pertinent parts of the record in Case No. 4:06-CR-010-A, styled "United States of America v. Lewis Baston, et al.," the court has concluded that the motion must be dismissed as untimely.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On January 19, 2006, movant was named with two others in an indictment charging him in count one with conspiracy to possess a controlled substance with intent to distribute, in violation of 21 U.S.C. § 846, and in count two with possession of a controlled

substance with intent to distribute more than five hundred grams of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). CR Doc.[1] 1. On April 6, 2006, movant pleaded guilty to count two of the indictment. CR Doc. 64. On July 28, 2006, the court sentenced movant to a term of imprisonment of 264 months. CR Doc. 86; CR Doc. 95. Movant appealed and his conviction and sentence were affirmed. CR Doc. 114; <u>United States v. Watkins</u>, 231 F. App'x 340 (5th Cir. 2007). Movant did not pursue a writ of certiorari.

By order signed June 20, 2008, the court granted movant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), and reduced his sentence to a term of 211 months. CR Doc. 121. Movant filed two further motions for sentence reduction, which were denied, CR Docs. 130, 144, 134, 149, and a motion for reconsideration, which was also denied. CR Docs. 152, 153. Movant appealed, but his appeal was dismissed for want of prosecution. CR Doc. 159.

II.

<u>Ground of the Motion</u>

Movant asserts one ground in support of his motion. Movant says that he was sentenced as a career offender, which is now

---

[1]The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal action.

erroneous in light of <u>Mathis v. United States</u>, 136 S. Ct. 2243 (2016), and <u>United States v. Hinkle</u>, 832 F.3d 569 (5th Cir. 2016).

## III.

## Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974). Further, if

issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

IV.

Analysis

Movant did not petition the Supreme Court for a writ of certiorari; therefore, his judgment became final on September 13, 2007. Clay v. United States, 537 U.S. 522, 525 (2003)(for the purpose of starting the clock on the one-year time limit for a motion under 28 U.S.C. § 2255, a judgment of conviction becomes final when the 90 day time period expires for the filing of a petition for certiorari). He did not file the motion under consideration until April 2017, well after the time for doing so had expired.

Movant alleges that his motion is timely under 28 U.S.C. § 2255(f), because he filed it within one year of the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016). Mathis, however, did not announce a new rule nor was it made retroactively applicable to cases on collateral review. 136 S. Ct. at 2257 (noting that the decision was dictated by decades of prior precedent); In re Lott, 838 F.3d 522, 523 (5th Cir.

4

2016); United States v. Taylor, No. 16-6223, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016). Because the motion is untimely, the court lacks jurisdiction over it.

The court is not persuaded by movant's arguments in his reply. The appeal in United States v. McPhail, 112 F.3d 197 (5th Cir. 1997), was decided before the amendments made by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). Timeliness was not an issue, as in this case. Moreover, United States v. Tanksley, 848 F.3d 347 (5th Cir. 2017), supplemented, 2017 WL 1379444 (5th Cir. Apr. 13, 2017), upon which movant also relies, was a direct appeal. Section 2255(f) does not contain a provision that would extend limitations so as to make movant's motion timely.

V.

Order

The court ORDERS that the motion under 28 U.S.C. § 2255 be, and is hereby, dismissed for want of jurisdiction.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby,

denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED May 5, 2017.

_____
JOHN McBRYDE
United States District Judge